# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-30885
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE ZUNIGA HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CA-2166)

February 9, 1996

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

The convictions on guilty pleas by Juan Jose Zuniga-Hernandez of conspiracy to distribute heroin, distribution of heroin, using and carrying machine guns in relation to a drug-trafficking offense, and possession of machine guns were affirmed on direct appeal.[1] The instant 28 U.S.C. § 2255 motion followed, contending that: (1) his sentencing offense level was wrongfully computed, (2) his conviction for using and carrying a firearm resulted from a judicial enlargement of the statute in violation of the *ex post facto* clause, and (3) he had been denied the effective assistance of counsel at the trial level. As to the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]**United States v. Zuniga**, 18 F.3d 1254 (5th Cir.), <u>cert</u>. <u>denied</u>, 115 S.Ct. 214 (1994).

ineffectiveness charge he contends that his counsel did not adequately and accurately advise him as to the law, did not object to his sentence, and made promises that were not kept. He requested a hearing thereon which the trial court denied because the record reflected the lack of merit in these contentions.

We initially note that Zuniga's challenge to the trial court's application of the sentencing guidelines is not cognizable in a section 2255 proceeding.[2] Our review of the briefs and record discloses no reversible error and we affirm the denial of the other claims for essentially the same reasons as assigned by the district court.[3]

AFFIRMED.

---

[2]**United States v. Vaughn**, 955 F.2d 367 (5th Cir. 1992).

[3]**United States v. Zuniga-Hernandez**, No. 92-583 (E.D.La. August 21, 1995).